REV AND KEARNEY *vs.* PETER GOUGH, *et ux.*—*Dec.* 1833.

It is our settled practice, to give the plaintiff on the record the opening and
conclusion of the argument to the jury, except in cases of avowry for
rent in arrear, in relation to which the practice is not uniform.

Where the defendant in his plea of justification, to a declaration charging him
with a libel, introduced certain passages from a pamphlet written by the
plaintiff, upon which plea issue was joined; this is not so far an adoption
of the whole pamphlet as true, as to enable the plaintiff to read *other* pas-
sages in it, for the purpose of showing that the defendant was the aggres-
sor in the controvery, which led to its publication.

APPEAL from *St. Mary's County Court.*

On the 27th of August, 1828, the appellees instituted
the present action against the appellant, for a libel on the
plaintiff's wife.

The defendant pleaded a justification as to part, and not
guilty as to the residue of the words laid in the declaration.

In the first plea, certain passages of a pamphlet written
by the appellee, *Peter Gough,* are introduced, and relied
upon by the defendant, as a justification of the actionable
language imputed to him. Issue was joined upon both
pleas.

1. At the trial the defendant contended, that in as much
as he had justified the language charged to him in the de-
claration, the affirmative of the issue was upon him, and
that he had a right to open and close the argument before
the jury. But the court (KEY, A. J.) refused the appli-
cation, and the defendant excepted.

2. The plaintiff then offered to read, from the printed pamphlet referred to and made a part of the defendant's first plea, various paragraphs in the said pamphlet, as the thirty-nine articles of accusation, made by the defendant against the plaintiffs, before the publication of the said pamphlet, as evidence that the defendant had written the said thirty-nine articles, and sent them to the plaintiff, *Peter Gough,* and that consequently the defendant was the aggressor in the controversies, which had led to the publication of that pamphlet.    To the reading of which thirty-nine articles for that purpose, the defendant objected, and insisted that the plaintiff had no right to read said pamphlet, or any part thereof, except for the purpose of explaining his, the plaintiff's meaning and intention, by such parts of said pamphlet as contained abusive, and defamatory words in application to the defendant.    But the court (STEPHEN, Ch. J., and KEY, A. J.) was of opinion, that by the introduction of the said pamphlet into the defendant's plea, the whole pamphlet was in evidence before the jury, and that the plaintiffs had a right to read the said thirty-nine articles, for the purpose aforesaid.    The defendant excepted, and the verdict and judgment being against him, he brought the record upon appeal before this court.

The cause was argued before BUCHANAN, Ch. J., and EARLE, MARTIN, and DORSEY, J.

*A. C. Magruder* for the appellant, contended,

1. The first plea did not authorise the plaintiffs reading the pamphlet written by one of them.    It does not appear that the defendant attempted to support said plea, or offered any *proof touching* said pamphlet, ·alleged *to have been* written by plaintiff.

2. It does not appear, that any attempt was made by the defendant to prove the plaintiff the aggressor.

3. But if the defendant had offered it (the pamphlet) in evidence, the plaintiff's own pamphlet is not evidence, that the defendant had said or done any thing.

*V. H. Dorsey,* for the appellees.

1. According to the established practice in the *Maryland* courts, the plaintiff on the record has the right to open and conclude the argument; and the rule is a very convenient one, as it dispenses with many troublesome inquiries. If however, it cannot be considered as settled, it is at all events, a matter resting in the discretion of the courts, and of course is not the subject of review on appeal. *Hawkins vs. Jackson,* 6 *Harr. and Johns.* 151, *note (a.)*

2. By introducing a part of the plaintiff's pamphlet in the plea, the whole was made evidence. *Roscoe's Ev.* 32. *Bul. N. P.* 138, 298. *Jackson vs. Stetson,* 15 *Mass.* 48. 7 *Cow. Ev.* 633.

Buchanan, Ch. J., delivered the opinion of the court.

We concur in opinion with the court below, on the first exception.

The decision is in conformity with the settled practice throughout the State, giving to the plaintiff on the record, the opening and conclusion, except in cases of avowry for rent in arrear; in relation to which the practice is not uniform. But we dissent on the second exception.

THE JUDGMENT IS THEREFORE REVERSED AND PROCEDENDO AWARDED.