(Decided June 10th, 1859.)

---

## JOSEPH HESSON vs. ISAAC HESSON.

A party who is co-executor and legatee, is in either capacity entitled to appeal from an order of the orphans court passing a separate account of the other executor, in which the latter is allowed a large claim against the estate.

The allegations, that a claim preferred by an executor is unjust, spurious, stale, and should not be allowed, are equivalent to a demand for *full proof*, and the record showing no proof in its support, the order passing the account in which such claim was allowed the executor, must be reversed.

Where one of two joint-executors is unwilling, or fails to discharge his duty, his co-executor, or any one else in interest, may apply to the orphans-court to discharge him from his office.

APPEAL from the Orphans Court for Carroll County.

The appellant and appellee were joint-executors of the will of their father Peter Hesson, and on the 29th of March 1858, a citation was issued from the orphans court requiring them to appear and settle an account of the estate. Both appeared, and the appellee offered for passage an account purporting to be "the first *separate* account of his administration of the estate of Peter Hesson, deceased." The appellant objected to the passage of this *separate* account, and filed a petition or protest, stating as the grounds of his objection:

1st. That having given a joint-bond as executors, his co-executor, has no right, without his consent, to assume the exclusive control of the whole estate, and settle an account thereof, authorising an allowance of all such claims against the estate as he may think proper, contrary to protestant's opinion and wishes.

2nd. That in attempting such illegal settlement, the appellee is actuated by improper motives to promote his own private interest, and to injure the appellant, and the other heirs, devisees and legatees of the testator, by obtaining an allowance to himself of a large claim which is unjust, improper and spurious, and a stale claim barred by limitations, and a claim which the court should not allow, and to the allowance of which, or any part thereof, the appellant, as one of the executors of the deceased, most solemnly objects.

3rd. That on the 5th of January 1858, both executors united in the settlement of an account of the estate, and the time limited by law to make a second settlement, has not yet expired, and, therefore, the court has no power to compel, or even authorise, a settlement to be made at this time.

The appellee answered, averring that he was ready and anxious to settle a further account, and had called on his co-executor and demanded that he should unite in such settlement, and has repeatedly made such demands, but the latter positively and peremptorily refused, and still refuses to do so; that the entire assets of the estate not accounted for in the first account, with the exception of the small sum of $26.50, are in respondent's hands, and he is willing to charge himself with

2    v. 14.

the same. He denies that he desires to settle a separate account for any undue or fraudulent purpose, and avers that his only object is to discharge promptly and properly his duty, and to obtain credits, by the authority of the court, for payments and items for which he is legally entitled to be credited, and he denies that his co-executor, or any other person interested, can possibly be prejudiced or injured by the settlement of this separate account, and he insists that his co-executor has no right to prevent such settlement, and the distributees and legatees from receiving the amounts due them from the estate, by his mere arbitrary refusal to unite with respondent in a settlement of the accounts so far as the same are ready for settlement, and he prays that he may be allowed to settle such separate account.

Upon this petition and answer, the orphans court, on the 12th of April 1858, passed an order, "that the separate settlement of the estate of Peter Hesson, deceased, proposed to be made by Isaac Hesson, one of the executors of said deceased, be deferred until the expiration of six months from the 5th of January 1858, and thereafter made, unless a joint-settlement be sooner made by him and his co-executor, Joseph Hesson."

On the 5th of July 1858, the appellee offered for passage a separate account, in which, among others, is this allowance: "Allowed to be retained by accountant on his own claim, on account against deceased for services rendered by himself and wife, and son, and attention, &c., to deceased during his last illness, per account proved, passed and docketed appears— $5050.00." Accompanying this was a distribution account of the balance of the estate. The court on the same day ordered this account and distribution to be "passed, ratified and confirmed," and the executor "to pay over to the parties entitled their several shares of the testator's estate according. to the aforegoing account and distribution."

From this order Joseph Hesson, one of the executors and legatees, appealed.

The record contained no vouchers or proof in support of the claim allowed the appellee, and a writ of diminution was applied for and granted to bring up such proof. To this writ

the orphans court made return, as stated in the opinion of this court.

The cause was argued before LE GRAND, C. J., ECCLESTON, TUCK and BARTOL, J.

*Jos. M. Palmer* for the appellant.

1st. There was manifest error in the order of the court allowing the appellant his claim of $5050 to be retained out of the estate. The court below had full power to decide upon the justice and validity of this claim, and to try the case, as other like cases are tried, upon plenary proceedings, *(Act of* 1798, *ch.* 101, *sub-ch.* 15, *secs.* 12, 17;) and there was here a petition and an answer, as required by the Act, forming an issue of fact as to the validity of the claim. But there is not a particle of evidence to sustain the claim and justify its allowance. There is not even proof that it was vouched and proved, as required by the several provisions of the testamentary system of 1798, ch. 101, sub-ch. 9, secs. 8, 14, 15, and sub-ch. 8, sec. 19. But if the claim is contested, its being vouched by the claimant and passed by the orphans court gives it no validity; it must be established by strict proof. *Act of* 1802, *ch.* 101. In the case of *Bowling & Wife vs. Lamar,* 1 *Gill,* 363, the court say: "The passage of a claim adds nothing to its intrinsic merits or authenticity. The claim having been contested before payment, its passage by the orphans court is no evidence of its correctness. It must be supported by testimony substantially sufficient for its establishment before a jury." In this case there is not a particle of evidence, of any kind, to support the pretended claim. The court below adjudicated the claim regardless of evidence assuming its correctness. On this question the case of *Bowling & Wife vs. Lamar,* already cited, and *Lee vs. Lee & Welch,* 6 *G. & J.,* 316, *Edelen vs. Edelen,* 11 *Md. Rep.,* 419, and *Stockett vs. Jones & Wife,* 10 *G. & J.,* 276, seem to be conclusive. The cases cited on the other side, and others of the same character, are all cases in which the judgments of the orphans court were called in question collaterally, and not on appeal directly from the judgment of that court, as in this case.

2nd. That the court below erred in allowing the appellee to settle a *separate* account; such a proceeding, it is respectfully submitted, is in direct violation of the true spirit and intention of the testamentary laws of this State. A *joint-bond* was given by the two executors, and one has no more authority over the estate than the other, and each is equally responsible for the acts of both, (6 *G. & J.*, 288, *Clarke & Wife vs. The State;*) and, in such a case, neither can act in the settlement of an account without the concurrence of the other.

*Oliver Miller,* for the appellee, argued:

1st. That the question, whether one of two executors can settle a separate account, without the consent of his co-executor, is not open for review in this case. This question was decided by the order of the 12th of April 1858, and no appeal having been taken from that order within the time required by law, the question decided by it became the law of the case, and the subsequent action of the court, in the final order passing the separate account, so far as this point is concerned, being based upon the previous order of the 12th of April, cannot be reviewed now. 12 *Md. Rep.*, 283, *Porter vs. Timanus.* But if this is not so, it is then insisted, there was no error in allowing the appellee to settle a separate account under the circumstances of the case, and that the appellant cannot, in *this form,* litigate the question with the appellee, his co-executor, even if, in any case, any court would entertain a controversy between two executors. If the appellee has, in any way, violated his duty in attempting to pass such separate account, the remedy of the appellant is, by an application, to revoke his letters, and not by an appeal from the order passing such account. 1 *Md. Rep.*, 189, *Beall vs. Hilliary. Act of* 1816, *ch.* 203, *sec.* 4.

2nd. That there was no error in the order passing the account, because it allowed the appellee to *retain* for his own claim against the estate upon an account which had been proved and passed by the court. The claim of an executor stands precisely upon the same ground as that of any other creditor, and he may retain for it in the same manner as for

Hesson *vs.* Hesson.

any other disputed claim. *Acts of* 1798, *ch.* 101, *sub-ch.* 8, *secs.* 19, 20, and 1831, *ch.* 315, *sec.* 3. 3 *G. & J.*, 39, *Owens vs. Collinson.* 1 *Gill*, 1, *Stevenson vs. Reigart.* There was here no call or demand made for *full proof*, and, therefore, the probate of the claim, in the mode pointed out by the Act of 1798, ch. 101, was all that was necessary in order to authorise the court to allow it. 1 *Gill*, 358, *Bowling vs. Lamar.* 6 *G. & J.*, 316, *Lee vs. Lee & Welch.* 1 *Md. Rep.*, 415, *Edelen vs. Edelen.* 9 *G. & J.*, 324, *Stevenson vs. Schriver.* *Act of* 1798, *ch.* 101, *sub-ch.* 15, *sec.* 1. The passing of this account only allows the executor to retain for his own claim, as it would that of any other creditor of the estate whose claim might be disputed, and in no manner adjudicates the validity of that claim or authorises its payment. Any legatee, devisee or distributee, may hereafter, upon the settlement of another account, object to the allowance of the claim and demand full proof thereof.

Le Grand, C. J., delivered the opinion of this court.

This is an appeal from an order of the orphans court of Carroll county, confirming and ratifying the *separate* account of Isaac Hesson, one of the executors of Peter Hesson. His co-executor, Joseph Hesson, *protested* against its passage, but the court overruled, or rather disregarded, the protest, and passed the account in which there is an allowance of $5050 to the accountant. There is no proof, whatever, in regard to the items constituting the account to be found in the record; and the orphans court, in reply to a writ of diminution which issued in this case, certify, that they are not in possession of the vouchers which were exhibited to them, and that upon the completion of the settlement, the private account of Isaac Hesson, *together with his vouchers and receipts, were taken away by him.*

The case then appears before this court with an allowance objected to, without a particle of evidence to sustain it. The appellant is not only a co-executor, but a distributee under the will of the testator, and in either capacity is entitled to prosecute this appeal. His interests cannot be sacrificed without

proof. If proof was adduced before the orphans court, as was doubtless the case, in a proceeding like this, it should appear in the record, otherwise this court can have no means of judging of the correctness of the decision of the orphans court.

If the appellant, as a co-executor, is unwilling or fails to discharge his duty as such, the appellee, or any one else in interest, can apply to the orphans court to discharge him from his office of executor. 1816, *ch.* 203. 1 *Md. Rep.,* 197.

We regard the allegations and protestations contained in the petition of the appellant, as equivalent to a demand for "full proof." They amount to a denial of the claim of the appellee, and charge upon him a fraudulent design to defraud the estate. These averments call upon the claimant to maintain his claim by legal proof.

*Order reversed and cause remanded.*

(Decided June 14th, 1859.)