JERVIS SPENCER, ONE OF THE EXECUTORS OF RICHARD RAGAN, DECEASED, *vs.* WILLIAM RAGAN.—*June 1851.*

A devisee of lands under a will, applied to the orphans court to have the rental proportion of certain crops, growing upon said lands at the death of the testator, stricken from the inventory of the personal estate in which it

had been included and returned. Only one of the three executors answered this petition, and the court passed an order granting the prayer of the petition. HELD:

1st. That all the executors had an equal interest in the matter in controversy and the order should be reversed for want of proper parties, if for no other reason.

2nd. That the orphans court had no jurisdiction over the subject matter, in the manner in which the proceedings were brought before it.

3rd. That the devisee has sustained no such injury or invasion of his rights as would entitle him to seek redress therefor in the orphans court.

4th. If his possessory rights to the property are involved by this appraisement, he must assert them before the appropriate tribunals of the State in the same manner as if the injury had been perpetrated by any private individual.

APPEAL from the orphans court of *Washington* county.

*Richard Ragan, Sen.*, by his will executed on the 19th of April, 1843, devised to his son, *William Ragan,* the appellee, a farm called *"Downey's Lot,"* and appointed *Charles Mac-Gill, Jervis Spencer* and *Richard Ragan, Jr.*, his executors. The testator died in November, 1850, and on the 29th of the same month, the will was admitted to probate, and letters testamentary granted to the said executors. The testator had, on the 13th of February, 1841, leased the said farm to *Henry* and *John Lowrey,* for one year, on shares, they, the *Lowreys,* rendering to the testator for the farm, one-half of the produce thereof. The *Lowreys* farmed the land for the one year accordingly, and after the expiration of the year, held over, and continued to hold over until the death of the testator, rendering the same proportion of the annual produce of the farm, and in all respects observing the terms of the lease of the 13th of February, 1841. At the death of the testator, there was growing on the land, a crop of grain seeded by the *Lowreys,* according to this agreement, one-half of which was appraised and returned in the inventory as part of the personal estate of the testator.

The appellee, the devisee of the land, then filed his petition in the orphans court, asking to have the rental proportion of said crop stricken from the inventory. The appellant, one of

the executors, alone answered this petition, claiming that said crops are emblements and personal property, which properly devolve on the executors.

Upon this petition and answer, the orphans court ordered that "the rental proportion of said grain in the ground, and growing thereon at the death of the testator, be stricken from the inventory, as being illegally and improperly returned therein." From this order the appellant appealed.

The cause was argued before DORSEY, C. J., SPENCE MARTIN and FRICK, J.

By J. SPENCER and McLEAN for the appellants, and
By ALVEY, for the appellee.

DORSEY, J., delivered the opinion of this court.

The decree in this case must be reversed, if no other cause for reversal existed, on the ground of a want of proper parties. The proceedings show that there were three executors of *Richard Ragan,* the testator, but one of whom appeared in the orphans court and answered the petition of the appellee, though all in their character as executors, had an equal interest in the matter in controversy, and in the decree passed by the court. But it must be reversed on another ground; the orphans court had no jurisdiction over the subject matter, in the manner in which the proceedings were brought before it. The petition was not filed by one having an interest in the estate of the deceased, as creditor, legatee or distributee, invoking the aid of the orphans court in compelling executors or administrators to charge themselves with assets of the deceased, improperly omitted from the inventory, nor was it an application by an executor or administrator to be discharged from liability, or to be allowed a credit in his accounts, settled before the orphans court, for property returned in the inventory, as a part of the deceased's estate, when in fact it was the property of a third person. In such cases the orphans court has jurisdiction over the subject matter, and may rightfully adjudi-

cate between the parties. But in a case like the present, where the only injury complained of, is the appraisement and insertion in the inventory of the deceased's personal estate, property which belongs to a third person, he thereby has sustained no such injury or invasion of his rights as would entitle him to seek redress therefor in the orphans court, or any other judicial tribunal. If his possessory rights to the property are invaded, he must assert them before the appropriate judicial tribunals of the State, (of which the orphans court is not one,) in the same manner as if the injury complained of, (if injury it were,) had been perpetrated by any private individual.

The decree of the orphans court should be reversed, but without costs in this court, and the petition of the appellee, filed in the orphans court, be dismissed with costs in that court to the appellant.

JUDGMENT REVERSED WITH COSTS