Mr. Chief Justice Alvey
delivered the opinion of the Court:
This is a bill filed by a judgment creditor of a deceased debtor against the administratrix, and next of kin and dis-tributees of the deceased, for account and other relief. Some of such next of kin reside beyond the jurisdiction of this *457 District, and have not been served with process, or otherwise rendered subject to the jurisdiction of the court. The bill in several respects is peculiar, but the main object of it seems to be to reach a particular fund alleged to form part of the assets of the estate of the deceased, and which has been received by the parties defendants, or some of them, and has not been returned to or accounted for in the Orphans’ Court, as it should have been, as part of the estate of the deceased.
The original bill was demurred to by the administratrix, and the demurrer having been sustained by the court, the plaintiff obtained leave and filed an amended and supplemental bill, and that was likewise demurred to by the ad-ministratrix, and the demurrer was sustained and the bill dismissed. The plaintiff appealed to the General Term of the Supreme Court of this District, from whence the appeal has been transferred to this court under the statute.
It appears from the allegations of the bill that the plaintiff, Hannah N. Mann, in October, 1874, recovered judgment on a note against Douglas H. Cooper and Francis M. Cooper, for $3,000 and costs. There was an execution issued on the judgment in January, 1875, and returned nulla bona in March, 1875. There was a credit entered on the judgment of $1,756 as of October 25, 1879. Douglas H. Cooper removed from this District some time after the recovery of the judgment and never returned. He died in 1879, intestate, and letters of administration upon his estate were granted to the defendant, Mrs. MacDonald, in June, 1891, by the Supreme Court of this District, in the exercise of its Orphans’ Court jurisdiction. According to the allegations of the bill, although there has been a considerable amount of assets come to hand, there has been no inventory of assets returned by the administratrix, and no accounting by her whatever for and in respect of the estate.
It also appears that some time after administration was granted on the estate of the deceased, the plaintiff instituted two several actions at law upon said judgment against the administratrix — one of such actions being a scire facias to re *458 vive the judgment, and the other an action of debt. And some time after the institution of these actions at law, the present bill was filed, thus showing the plaintiff to be pursuing remedies on the judgment in three different forms of proceeding. The actions at law, as stated in the bill, are still pending, and they have been in this court on appeal. The plea of the statute of limitations was interposed to both actions at law, to which there were several special replications in avoidance, and to which replications demurrers were entered. The demurrers were sustained and judgment entered on the plea of the statute of limitations in both actions for the defendant. Appeals to the General Term of the Supreme Court of the District were taken, and from thence the cases were transferred to this court under the statute, as before stated. The appeals came on to be heard in this court, and have been decided;* and the judgments at special term were reversed as to the ruling on one of the special replications in each of the actions, and the cases were remanded for trial on an issue of fact raised by the one special replication. That issue, it is conceded, still remains undetermined. The one single question, therefore, upon which the legal existence of the claim of the plaintiff depends, is of pure legal cognizance, and that question remains to be tried and determined in the actions at law, as preliminary to the right of the plaintiff to call upon the defendants to make discovery of assets alleged to belong to the estate of the original judgment debtor, Douglas H. Cooper, deceased. For if the judgment debt is barred and extinguished by the statute of limitations, it is quite clear there would be no right in the plaintiff to call for discovery and an account of assets with which to pay such claim.
It is alleged in the bill, that before administration granted to the defendant MacDonald, the next of kin of Douglas H. Cooper had received certain moneys due the estate, and that they refused to pay the plaintiff any part thereof on her said *459 claim; and though the plaintiff does not know when or by whom said moneys were paid, nor what was the amount so paid, she avers that these facts are known to the defendants, and she avers that said moneys were received by said next of kin; and on information and belief she avers that said moneys were paid to the said Sarah M. MacDonald, and that the same amounted to the sum of $10,000. She prays discovery, though not under oath, and that accounts be taken, etc. As we have stated, some of the defendants named in the bill are non-residents, and have not been served with process, and therefore no decree could be made against them.
The plaintiff, to be entitled to discovery and account, must' allege and show clearly that 'she has an enforceable claim against the alleged debtor; and must also show such an interest in the subject-matter to which the required discovery relates, as to entitle her to discovery. If, from the allegations of the bill, the court can see that the case stated is not such as to show a clear right in the plaintiff, or that some necessary legal step or proceeding is required to establish the right, as the foundation of the discovery, which has not been taken, a demurrer to the bill- will be sustained. This is clearly illustrated by the case stated in Story’s Equity Pleading, Sec. 319, where it is said, that “where, upon a bill filed by a creditor, alleging that he had obtained a judgment against his debtor, and that the defendant, to deprive him of the benefit of his judgment, had got into his hands goods of the debtor under pretence of a debt due to himself, and praying a discovery of the goods, the defendant demurred, because the plaintiff had not alleged that he had sued out execution to bind the goods, and consequently the plaintiff had no right to discovery, and the demurrer was sustained.” And so in this case no right of discovery or of account can exist until the pending legal question of the bar of the statute of limitations, pleaded to the judgment, be determined in the actions at law, and the judgment be determined to be free of the bar so pleaded. If the judgment be held to *460 be barred by the statute, of course there would be no ground for discovery or account in respect to it, and therefore this bill is prematurely filed.
As against the administratrix, however, there is no necessity for resort to a court of equity for either discovery or account, in respect to the assets of the estate of the deceased. The Orphans’ Court, or rather the Supreme Court of the District, in the exercise of the Orphans’ Court jurisdiction, has very ample power and jurisdiction over the subject, given by express provisions of the Testamentary Act of Maryland of 1798, Ch. 101, Subch. 6, Secs. 8, 10 and 13, and Sec. 16 of Subch. 15. By these provisions of the statute any creditor, legatee, or distributee of the estate of the deceased, may invoke the aid of the Orphans’ Court to compel the executor or administrator to charge himself or herself with assets of the deceased improperly omitted from the inventory; and that court has jurisdiction, and may adjudicate as between such parties upon the question, as effectually as a court of equity could do. Spencer v. Ragan, 9 Gill, 480, 482.
We shall affirm the decree of the court below, with costs to the appellees, but without prejudice to the rights of the plaintiff. In the event that it be determined at law that the judgment sued on is not barred by the statute of limitations, she may take such proceedings in the premises as she may be advised to be proper.

Decree affirmed without prejudice.

 See 2 App. D. C., 226. — Reporter.