EDWARD GIBSON *vs.* FREDERICK C. COOK, Administrator of JAMES DOONER.

*Orphans' Court—Jurisdiction—Sections 238 and 240, of Article 93, of the Code—Superior Court of Baltimore City— Appeal.*

A petition framed under section 238, of Article 93, of the Code, was filed in the Orphans' Court of Baltimore City by the administrator of J. D., which alleged that E. G. had obtained possession of certain bank books of the petitioner's intestate, and had applied for and received from said banks the money therein deposited by the intestate in his life-time, and had taken the same into his exclusive custody. The petition then charged that although requested, E. G. refused to deliver up said money or inform the petitioner where the same was, and was therefore concealing it. E. G. answering under oath admitted the possession of the money claimed by the administrator, but denied all concealment of the same, and claimed it as his own property. He denied the right of the administrator to receive the money, and also the jurisdiction of the Orphans' Court to decide as to their respective rights. The Orphans' Court decided that it had no jurisdiction, because it could not decide a question of title, and thereupon dismissed the petition. From this decision of the Orphans' Court the administrator appealed to the Superior Court of Baltimore City under section 240, of Article 93, of the Code. The Superior Court reversed the order of the Orphans' Court and decided in favor of the administrator. On appeal from the order of the Superior Court, it was HELD:

1st. That as the Orphans' Court had no jurisdiction, the Superior Court had none, and its order on the appeal was unwarranted.

2nd. That as the Superior Court exceeded its jurisdiction, the appeal from its order was properly taken to this Court.

APPEAL from the Superior Court of Baltimore City.

This appeal was taken from an order of the Superior Court of Baltimore City, reversing an order of the Orphans' Court of said city, and remanding the cause

with directions to the latter Court to enter an order re-
quiring the appellant to deliver to the appellee as admin-
istrator of James Dooner, deceased, the money in question,
as part of the personal estate of said Dooner.   The case is
stated in the opinion of this Court.

The cause was argued before ALVEY, C. J., STONE,
ROBINSON, IRVING, RITCHIE, and BRYAN, J.

*James McColgan,* for the appellant.

*Orlando F. Bump,* for the appellee.

IRVING, J., delivered the opinion of the Court.

The appellee, Frederic C. Cook, as administrator of
James Dooner, filed his petition in the Orphans' Court of
Baltimore City, alleging that his intestate in his life-time
"opened two accounts in Bank in the names of James
Dooner and Edward Gibson, and the survivor of them, sub-
ject to the order of either—one in the Savings Bank of Bal-
timore, and one in the Eutaw Savings Bank."   The petition
alleges that from time to time he deposited to the credit of
the said account in the Savings Bank of Baltimore $4,674.40,
and in the Eutaw Savings Bank $1,314.67.   The petition
alleges that Dooner in his life-time had absolute possession
of the books, and placed them in the hands of the Rev. Ed-
ward A. McGurk, President of Loyola College, for safe-keep-
ing; and "that since the death of said Dooner, said Edward
Gibson has obtained possession of said bank books from the
Rev. Edward A. McGurk, in whose custody they were at the
time of Dooner's death, by producing proof to said Rev.
Edward A. McGurk, of his (said Gibson's) identity, and
also by representing himself to be cousin of said Dooner,
which petitioner avers is not the fact.   That since he, said
Gibson, has obtained possession of said bank books, he has
applied for and received from said Banks the moneys
17                    v. 62.

therein deposited by said Dooner in his life-time, and has taken the same into his, the said Gibson's exclusive control and custody." The petition then charges that although requested, he refuses to deliver up said money or inform the petitioner where the same is; and is therefore concealing the same. The petition prays for answer under oath, and for order to deliver up to the petitioner as administrator of James Dooner.

This petition was framed under the provisions of the 238th section of Article 93 of the Code of Public General Laws. The Court accordingly, in pursuance of the provision of that statute, issued the citation for Gibson, and he appeared and filed an answer under oath, admitting that the petitioner was the administrator of James Dooner; and admitting the deposits in Bank by Dooner in his life-time in his own name and the name of the respondent, but denying that he had sole possession of the said books. He admits he obtained the books from Rev. Edward A. McGurk upon the representations averred, and that he has received certain moneys from the Banks which he has refused to surrender to the petitioner, but denies that it is the money of the estate of James Dooner and that petitioner is entitled to receive it. He denies he is concealing any part of the estate of James Dooner. By amended or supplemental answer, he states the precise sums he received from the Banks as charged in the petition, and places his refusal to surrender on the ground that the same is his own, and denies the right of the administrator to receive the same, and denies the jurisdiction of the Orphans' Court to decide as to their respective rights.

The Orphans' Court heard the cause upon testimony and then passed the following order: "After a careful examination of this case, the Court is of the opinion that they have no jurisdiction in the matter, and therefore dismiss the petition with costs." From this order the petitioner

appealed to the Superior Court of Baltimore City under
section 240 of Art. 93 of the Code. The Superior Court
proceeded to hear and decide the cause, reversing the
order of the Orphans' Court. From this action of the
Superior Court appeal has been taken to this Court. The
appellee has moved to dismiss this appeal upon the ground
that the decision of the Superior Court of Baltimore City
upon that appeal was final, and relies on *Lammott vs.
Maulsby*, 8 *Md.*, 5, and other like decisions in support of
his motion. This position would be impregnable if the
Superior Court itself had jurisdiction of the subject-mat-
ter as it was presented. The Orphans' Court, upon con-
sideration of the petition, answers and proofs, dismissed the
petition on the ground that it had no jurisdiction. The
answer admitted the possession of the money claimed by
the administrator, but denied that respondent was conceal-
ing it, and claimed it as his own property, and contested
the petitioner's right to it as administrator of James
Dooner. The very foundation of the jurisdiction of the
Orphans' Court was by that Court adjudged to be wanting.
If there was no concealment, there was no issue for the
Orphans' Court to try, or question on which that Court could
send an issue to another tribunal for a jury to try. The
only issue which they could frame under that section of
the Code, in that case was, "does the respondent conceal
any property or money of James Dooner?" The pleadings
raise an issue of title not of concealment. The answer
admits the possession of the money as charged in the peti-
tion, but couples that admission with the most unequivo-
cal assertion of right to take it, because of title to it. The
Orphans' Court may properly decide that under such
state of facts, that Court had no jurisdiction, because it
could not decide a question of title. Whether the title
was in Dooner's administrator or in Gibson, could only be
settled by another tribunal. That question could be raised
by an action at law on the part of the *Adm'r of Dooner*

*vs. Gibson* for money had and received to the use of the estate; or possibly, it may have been cognizable by a Court of equity (which, however, we do not determine); but certainly could not be determined by the Orphans' Court, whose jurisdiction is confessedly limited and special. If the Orphans' Court had no jurisdiction, the Superior Court on that appeal had none; and, in that form, it had no original jurisdiction of the subject-matter. Having exceeded its jurisdiction the appeal was properly taken to this Court. *Kinnear & Willis vs. Lee and Reynolds,* 28 *Md.,* 489; *Mears vs. Remare,* 33 *Md.,* 249. In the discussion of the question whether the appeal could be entertained we have said all that is necessary to say upon the motion to dismiss. We have nothing to do with the facts of the case, only so far as they are stated in the pleadings, and raise the question of jurisdiction. Being of opinion, that, when the pleadings show there is no concealment, but that the real issue is, whose property it is? under Article 93, section 238, the Orphans' Court has no jurisdiction; but is confined to the question of concealment *vel non;* the motion to dismiss will be overruled, and the order of the Superior Court will be reversed. The case is fully covered by the decision of this Court in *Taylor vs. Bruscup & Henry, Adm'rs,* 27 *Md.,* 219.

*Order reversed.*

(Decided 18th June, 1884.)

STONE, J., delivered the following dissenting opinion:

If an administrator files a petition in the Orphans' Court, alleging concealment of any part of his decedent's estate by any person, there are two things which he must both *allege and prove.*

The first is, that the property which he so claims is the property of his decedent, and the second is that the party charged has concealed it.

The fact that the property concealed was the property of the decedent, is the foundation of the right to proceed under section 238 of Article 93 of the Code. The Orphans' Court must first be satisfied on that point, before they can proceed further. If the party charged denies that it is the property of decedent, the administrator must prove that it is. If the party charged denies the concealment, the administrator must prove that he has concealed it. But I cannot think that the party charged with so grave a matter, can deprive the administrator of the rights given him under that section of the Code, by a *mere claim of title.* Certainly if the party charged can turn the administrator over to the ordinary legal tribunals, that try disputed titles, by only coming in and claiming the property as his, which is in effect nothing but an averment that it is *not* the property of the decedent, then a denial that he has concealed the property ought to have the same effect. And it would follow that unless he came in and admitted the whole case against himself, the section is nugatory. But the law itself says: "If satisfied upon an *examination of the whole case,* that the party charged has *concealed any part of the personal estate of the deceased,* may order," &c. In the face of such language as this, I cannot see how the averment of the party charged, that the property is his property, can prevent the Orphans' Court from an examination of the whole case, and determining whether or not the party so charged has concealed any part of the personal estate of the deceased.

The concealment of the property of a decedent is but little short of a crime. The object of the law was to give the Orphans' Court adequate powers to prevent its being successfully done, by giving them the power, if they found it was done, to enforce obedience to the order of restitution by attachment, &c.

The law at the same time was careful to guard the rights of either party, by allowing them issues to be sent to a Court of law, and tried before a jury if they desire.

The frame of such issues must necessarily be whether the party charged had *concealed the property of the decedent*, and both the property and concealment must be proved before them.

The administrator in this case, charged that a large sum of money belonging to his intestate was taken possession of by the appellant, and concealed by him. The appellant admits the concealment virtually, by saying in his answer that he refuses to tell where the money is, and claims that it belongs to him. I do not see what other answer one who wanted to smuggle property or money would or could make. He must deny the title of the decedent or produce the property, or show that he never had it. I think the Orphans' Court had clearly the right under this petition to try the case. The true test of jurisdiction is the pleading of the plaintiff, whether that pleading be at law or in equity. If the plaintiff in any forum states in his pleading facts, *which, if true*, would sustain the jurisdiction of the Court, certainly no instance was ever found of a defendant's ousting the jurisdiction by a *plea or answer only*. The defendant may by plea or answer set up a fact, *which if true*, would deprive the Court of jurisdiction in the case. But the plaintiff is always entitled to have the truth of the plea or answer *tried or determined* before he is turned out of Court. So I think in this case the petitioner was entitled to have the truth or falsity of the defence tried before he was turned out of Court. That as by law no appeal lies to this Court from the Superior Court whose decision in a case of this sort is final, provided it has jurisdiction, and as I think it properly had jurisdiction, I think the appeal should be dismissed.