(Decided December 13th, 1895.)

---

## WILLIAM S. DAUGHERTY *vs.* THOS. BENTON DAUGHERTY AND JOHN C. DAUGHERTY.

*Practice in the Orphans' Court—Submission of Case on Petition and Answer—Jurisdiction to Determine Ownership of Personalty.*

Where a case is submitted to an Orphans' Court on petition and answer under oath, no testimony being taken by either party, the allegations of the answer are taken to be true.

The question of the validity of transfers of his personal property, made by an intestate in his lifetime, cannot be tried by the Orphans' Court upon a petition for the grant of letters of administration, since that Court has no jurisdiction to try questions relating to the title of personal property.

Appeal from an order of the Orphans' Court for Harford County.

The cause was argued before BRYAN, McSHERRY, BRISCOE, ROBERTS and BOYD, JJ.

*Stevenson A. Williams* and *George L. Van Bibber* (with whom was *James J. Archer* on the brief), for the appellant.

*Thomas H. Robinson* and *John S. Young* (with whom was *J. Martin McNabb* on the brief), for the appellees.

R'OBERTS, J., delivered the opinion of the Court.

The appeal in this case is taken from an order of the Orphans' Court of Harford County refusing letters of administration on the personal estate of John Daugherty, deceased, to the appellant, who is a son of the deceased. The petition of the appellant alleges that his father, John Daugherty, died intestate about April 1st, 1895, leaving three sons surviving him, the appellant and his two brothers, Thomas B. and John C. Daugherty, who are both older than the appellant. That no application for letters of administration has been made by any one and no letters ever granted. The appellant by his petition also alleges that his two brothers and his sisters, sometime before the death of their father, the intestate, and while he was of unsound mind, possessed themselves of all his personal estate and appropriated the same to their own use. That for the purpose of contesting the validity of such transfer and to compel his said brothers and sisters to account for the money and securities obtained by them from their father when he was of unsound mind, incompetent to execute a valid deed, the appellant filed this petition and application in the Orphans' Court of Harford County, asking the grant of letters of administration to him.

Cititation was accordingly issued by the Orphans' Court for the appellees to show cause why letters of administration should not be granted. The appellees filed separate answers under oath to said petition, in which they both admit that no administration on their father's estate has ever been granted to any one, and by their answers deny that John Daugherty, their father, at the time of his death and for many years prior thereto, was possessed of personal estate of any kind or character whatsoever.

The case was submitted to the Court on petition and answers without replication, and no testimony was taken by either party in support of the allegations of the petition or answers. The petition and answers were both sworn to. The hearing was had before two of the Judges of the

Orphans' Court, and the Court not being able to agree, an order was passed refusing letters of administration to the appellant, and from this order the appeal in this case is taken.

There is practically but one question arising on this appeal which it is necessary for us to consider. The appellant seeks to contest the validity of the transfer by his father in his lifetime, of his personal property, to his two older sons, the appellees and his daughters, at a time when his father was incompetent to execute a valid deed or contract.

In a proceeding of this character we do not think the Orphans' Court is possessed of jurisdiction requisite to the determination of the question involved. It would undoubtedly, in a proper case, have full power and authority to hear and determine a question of concealment of property belonging to the intestate, if the application be made as required by law, but this is clearly not a question of concealment, but is a contest as to the validity of the transfer of certain personal property by the father to certain of his children, and the issue is one involving the title to such property. Has the Orphans' Court jurisdiction to try this question? We think not. A Court of Equity alone has jurisdiction to deal with such a controversy. Even when the Orphans' Court has power to admit to probate a will involving title to personal property mentioned in the will, it is possessed of no jurisdiction authorizing it to pass upon and determine a controversy over the validity of the title. Whilst in *Warring's Adms.* v. *Edmonds,* 11 Md. 433, this Court had doubts as to whether the Orphans' Court had jurisdiction of this question, LeGrand, C. J., said, " To guard against all misapprehension, hereafter, we add, that we have very serious doubts whether the case be one over which the Orphans' Court had jurisdiction, being a question of *title* and not of *concealment.*" It was not, however, a question material to the issues in the case then to be decided, and for that reason was not passed upon.

It was by the Act of 1831, ch. 315, sec. 12 (Code, Art. 93, sec. 238), that the Orphans' Courts of this State were

authorized to pass on questions of concealment only, not of *title.* *Spence* v. *Ragan*, 9 Gill, 480. The Orphans' Courts of the State exercise only a special, limited jurisdiction, which they cannot transcend, and within a just and reasonable construction of its statutory powers, we do not find anywhere that it is clothed with jurisdiction to try questions of title to personalty. *Levering* v. *Levering*, 64 Md. 410 ; *Blumenthal* v. *Moitz*, 76 Md. 566. We think such has been the well-recognized practice in this State for many years, and the one we think entitled to our sanction.

But independently of the views expressed, we think the pleadings in the cause practically dispose of the questions arising on this appeal. Whilst the Court below did not in this case pass an order directing plenary proceedings, yet it has been repeatedly held that when a petition is filed, and the respondents are cited to appear and do appear and file their answers under oath, the proceedings are plenary and must be treated as such. *Cannon Admx.* v. *Cook and Wife*, 32 Md. 484 ; *Pegg et al.* v. *Warfield*, 4 Md. 396 ; *Barroll Adms.* v. *Peters*, 20 Md. 172. In this case the appellant filed his petition under affidavit, and the respondents have answered under oath, denying every material allegation contained in the petition. The case was submitted to the Court for its final order without replication and without testimony taken to sustain the respective contentions of either party to the controversy. In this state of the case the allegations contained in the answers must be assumed to be true and are, in our opinion, sufficient to warrant the judgment of the Court below. *Barroll's Adms.* v. *Peters, supra.*

For the reasons assigned, the order of the Court below must be affirmed.

*Order affirmed with costs.*

(Decided January 8th, 1896.)