### JOHN W. FOWLER vs. BASIL O. BRADY et al..

*Orphans' Court Not Authorized to Determine Title to Property—Order Striking Articles from Inventory Returned by Administrator—Petition of Creditor of Estate—Issues to a Court of Law—Affidavit Not Part of Record on Appeal.*

The Orphans' Court has no jurisdiction to determine that articles returned in an inventory as belonging to the estate of a decedent do not belong to him, but were the property of the petitioners, and to order the same to be stricken from the inventory.

If an administrator has in his possession property which is claimed by a third party, the latter may maintain an action for the same in a Court having jurisdiction to determine questions of title. If the third party is in possession, the administrator who claims title may sue for it at law.

An administrator returned in an inventory a yoke of oxen and a horse as the property of the deceased. Upon the petition of

parties claiming to be the owners of the animals, the Orphans' Court ordered them to be stricken from the inventory because not property of the estate. A creditor of the deceased then filed a petition in the Orphans' Court alleging that the animals did belong to the estate, and that they should be included in the inventory, and prayed for issues of fact to be sent to a Court of law for a trial. *Held,* that although the Orphans' Court had no jurisdiction to determine the question of title by passing the order in question, yet the creditor has no right to ask for issues to a Court of law, because it is only in cases when the Orphans' Court has jurisdiction to determine a matter that it is required to send issues to a Court of law.

*Held,* further, that although the creditor of the estate has no standing in Court to test the question of title to property, yet he may petition the Orphans' Court to require the administrator to do so, under Code, Art. 93, sec. 259.

Affidavits and other papers filed in the Court of Appeals by the appellee will not be considered in disposing of a case, since Rule 10 of the Court of Appeals provides that no paper shall be read or referred to, not a part of the record, without the consent of counsel and leave of the Court.

*Decided February 19th, 1909.*

Appeal from the Orphans' Court of Calvert County.

The cause was argued before Boyd, C. J., Pearce, Schmucker, Burke, Thomas, Worthington and Henry, JJ.

*F. Gantt,* for the appellant.

No appearance for the appellee.

Thomas, J., delivered the opinion of the Court.

The appellant, John W. Fowler, filed in the Orphans' Court of Calvert County a petition alleging that on the 26th of

September, 1906, that Court on the petitions of Basil O. Brady and Lee Brady, ordered a yoke of oxen and a horse to be stricken from the inventory of the personal estate of Basil. T. Brady, deceased, returned to that Court by T. M. Chaney, the administrator, to the great damage of the petitioner, who is the largest creditor of the deceased; that "upon newly discovered evidence" the petitioner was ready to prove to that Court that the said Basil O. Brady and Lee Brady did not at the death of the deceased own said property; but that the deceased obtained said yoke of oxen from Basil O. Brady in exchange for another yoke of oxen, and said horse from Lee Brady in exchange for another horse; that at the time of his death the deceased also owned another ox, which was not included in the inventory returned by the administrator, because soon after the death of the deceased it was sold by Lee Brady, who appropriated the proceeds of the sale and never accounted therefor, and that there "were other effects" of the deceased, to wit, "valuable guns and others things" wrongfully taken from the premises of the deceased, which should have been included in the inventory. The prayer of the petition is that "these issues of fact be sent to a Court of law to be tried and determined by a jury" and "that notice be given to the parties to make answer."

In reply to a writ of diminution the Register of Wills of Calvert County transmitted to this Court certified copies of the petitions of Basil O. Brady and Lee Brady, alleging that the yoke of oxen and horse referred to belonged to them, and praying that they be stricken from the inventory returned by the administrator, and of the orders of the Orphans' Court striking said property from the inventory.

It, therefore, appears from the petition of the appellant and from the petitions of Basil O. Brady and Lee Brady and the orders of the Court thereon, passed on the 11th of September, 1906, that the Orphans' Court determined that the yoke of oxen and horse referred to in said petitions and included in the inventory returned to that Court by the administrator were not the property of the deceased, but the property of the

said Basil O. Brady and Lee Brady, and accordingly ordered said property to be stricken from the inventory, and that the object of the appellant's petition is to now have a jury pass upon the identical questions that were passed upon and determined by the Orphans' Court on the petitions of Basil O. Brady and Lee Brady—in other words, to have a jury review the action of the Court.

If the Orphans' Court had jurisdiction to determine the question of title to the property on the petitions of Basil O. Brady and Lee Brady and to pass the orders of September 11th, 1906, until these orders were revoked by that Court, there were no issues left to be tried by a jury. The only questions presented by the petitions were determined by the Court, and its action, while subject to review and reversal on appeal taken in proper time, could not be reviewed by a jury. *Miller* v. *Gehr,* 91 Md. 716.

But did the Orphans' Court have jurisdiction to pass the orders of September 11th, 1906?

Section 204 of Art. 93 of Code provides that in every case where letters testamentary or of administration are granted "an inventory or inventories shall be returned to the office granting the administration." Sec. 222 declares that "with the exception of the articles enumerated in the two preceding sections (wearing apparel and provisions laid up by the deceased for the consumption of the family), all the assets of the deceased shall be included in the inventory." Sec. 242 directs how the administrator shall proceed to recover property belonging to the estate which is concealed, and sec. 243 makes provision for cases where the administrator conceals or has in his hands property which he has omitted to return in the inventory or list of debts. The purpose of these several sections is to require the administrator to return a full and complete inventory of all the assets of and property belonging to the estate. The title to this property is vested in the administrator, and he is required by sec. 4, in stating his account, to charge himself with the assets which have come to his hands according to the inventory or inventories returned

by him to the Orphans' Court. He may, in a Court having jurisdiction, maintain an action of trespass or trover against one who takes the goods of the estate before he was actually in possession of them, or he may sue in replevin to recover them. *Rockwell* v. *Young,* 60 Md. 563; *Dempsey* v. *McNabb,* 73 Md. 433; *Linthicum* v. *Polk,* 93 Md. 84.

But the Orphans' Court is a Court of limited and not general jurisdiction, and can only exercise such jurisdiction as has been expressly conferred upon it by statute. Sec. 260 of Art. 93 expressly declares that "The Orphans' Court shall not, under pretext of incidental power or constructive authority, exercise any jurisdiction not expressly conferred by law," and it has been repeatedly held that the Orphans' Court has not jurisdiction to determine questions of title to personal property, except, under sec. 243, where a person interested in the estate charges the administrator with concealing or having in his hands property belonging to the estate which he has omitted to return in the inventory. *Taylor* v. *Bruscup,* 27 Md. 219; *Gibson* v. *Cook,* 62 Md. 256; *Dougherty* v. *Dougherty,* 82 Md. 229, and *Linthicum* v. *Polk, supra.*

There is no reason why the Orphans' Court should be given jurisdiction to determine the title to property claimed by a party against the administrator. The title to property belonging to the estate is in the administrator, and he, as we have said, can maintain an action to test the title in a Court of law. But when the property is claimed by the administrator against the estate, the Orphans' Court is authorized by sec. 243 to determine the title, otherwise, the title to the property of the deceased being in the administrator, there would be no way of requiring him to return a complete inventory of the assets of the estate.

While there can be no doubt that an inventory returned by an administrator may, upon his application to the Orphans' Court, be corrected, and property which he has erroneously included in it may be omitted, the Orphans' Court has no authority on the petition of one claiming title to property included in the inventory to determine the question of title

against the claim of the administrator that it belongs to the estate.

If the administrator has the property in his possession, the party claiming it is not prejudiced by the fact that it is included in the inventory. He may recover it from the administrator in a proper action in a Court having jurisdiction to determine the question of title. If he is in possession of the property, he may force the administrator to sue for its recovery, but he cannot have the question of title determined by the Orphans' Court on an application to have the property stricken from the inventory.

But because the Orphans' Court of Calvert County had no authority to pass the orders of September 11th, 1906, it does not follow that there was error in its refusal on the petition of the appellant to send issues to a Court of law to determine the question of the title to the property referred to. The object and purpose of issues from an Orphans' Court to a Court of law is to inform the Orphans' Court as to certain facts, alleged on the one side and denied on the other, involved in a controversy it has jurisdiction to decide. It is only in cases where the Orphans' Court has jurisdiction to determine the matter that it is required to send issues to a Court of law to be tried. The finding of the jury is intended as an aid to the Orphans' Court in the exercise of the jurisdiction conferred upon it, and while that Court is bound by the verdict of the jury, it is its final order, and not the finding of the jury, that determines the case. Therefore, as the Orphans' Court did not have jurisdiction to decide the questions of title raised by the petitions of Basil O. Brady and Lee Brady, it was not authorized, on the application of the appellant, to send to a Court of law issues of fact involved in a case it did not have jurisdiction to determine. *Yingling* v. *Hesson,* 16 Md. 112; *Gibson* v. *Cook, supra.*

Moreover, if the property mentioned in the petition of the appellant belongs to the estate of Basil T. Brady, deceased, the title to it is vested, as we have said, in the administrator, and he is the only person who can assert title to it on behalf

of the estate. So even if the Orphans' Court had jurisdiction, the appellant, as a creditor of the estate, would have no standing in Court to test the question of title.

For the reasons we have stated, there was no error in the refusal of the Orphans' Court to send issues to a Court of law, and the order of that Court dismissing appellant's petition must be affirmed.

But while the appellant is not entitled to the relief prayed in his petition, he, as a creditor, is interested in the proper administration of the estate. In addition to the sections of the Code we have referred to, sec. 215 of Art. 93 provides that "whenever personal property of any kind, or assets not mentioned in an inventory already made, shall come to the possession or knowledge of an administrator or collector, an account or inventory of the same shall be returned, appraised by two respectable, disinterested, sworn appraisers, appointed by any justice of the peace or judge of the Orphans' Court, within two calendar months from the time of the discovery." By sec. 259 of the same Article, the Orphans' Court is given ample power to compel an administrator to "fulfill his duty on pain of revocation of his letters."

If the property mentioned in the petition of the appellant as not having been included in the inventory of the administrator is the property of the deceased, it is the duty of the administrator to make a return of it to the Orphans' Court, and upon his failure or refusal to do so after notice, the appellant may file a petition against him in the Orphans' Court to require him to do so.

And upon proper application to the Orphans' Court, that Court, after due notice to Basil O. Brady and Lee Brady, ought to rescind its orders of September 11th, 1906, and to require the property mentioned in said orders to be included in the inventory returned by the administrator.

As the tenth rule of this Court provides that "No paper shall be read or referred to as part of the record in the argument of any case, without consent of the counsel and leave of the Court, unless such paper be copied into and made part of

the transcript filed with the Clerk," we have not, in disposing of the case, considered any of the affidavits or other papers filed by the appellant in this Court.

*Order affirmed with costs.*