CHARLES H. LEWIS ᴇᴛ ᴀʟ. *v.* JOHN T. MASON,
Aᴅᴍɪɴɪsᴛʀᴀᴛᴏʀ ᴀᴅ Lɪᴛᴇᴍ.
[No. 12, October Term, 1928.]

*Decided November 15th, 1928.*

The cause was argued before BOND, C. J., PATTISON, URNER, OFFUTT, DIGGES, and SLOAN, JJ.

*R. D. Bowers,* for the appellants.

*W. P. Wachter,* submitting on brief, for the appellee.

URNER, J., delivered the opinion of the Court.

The two appeals in this case question the propriety of orders passed by the Orphans' Court of Washington County appointing an administrator *ad litem* and refusing one of several issues proposed for transmission to the circuit court for trial. The administrator *ad litem* was appointed to defend the will of Ellen Carpenter, deceased, against a caveat filed before probate. No reason for such an appointment is suggested by the record except the fact that none of the persons interested in sustaining the will appeared and answered the caveat in pursuance of the court's order to that end, though all were duly notified. This was not in itself a sufficient ground for the action of which the first appeal complains. The beneficiaries of the will were legally capable of defending it against the caveat, and, so far as the record shows, they were not entitled to have their defense made by an administrator *ad litem* at the charge of the estate. If the caveat had been filed after probate, it would have been

the duty of the executor to defend the will, and his reasonable expenses incurred in the litigation would be payable out of the estate regardless of the result. *Parker v. Leighton,* 131 Md. 407. But when a caveat is filed before the probate of the will, it is beyond the authority of the orphans' court to charge the estate with counsel fees for services to the contesting parties. *Koenig v. Ward,* 104 Md. 564. In this case the caveators have an interest in the residuary estate which would justify their concern for the application of the rule just stated, whether the caveat succeeds or fails.

It is only for the purpose of providing, when reasonably necessary, for the defense of the will offered for probate that the appointment of an administrator *ad litem* is permissible. *Friedenwald v. Burke,* 122 Md. 156; *Emmert v. Stouffer,* 64 Md. 558; *Hunter v. Baker,* 154 Md. 307. In the cases cited, action by the court to insure a fair investigation as to the validity of the wills in question was considered requisite. But in none of those cases is there any recognition of the theory that when competent parties, interested in sustaining a will, have been formally summoned and notified to make their defense, they may secure the benefit of an administration *ad litem* by merely disregarding the court's process.

The order of appointment here contested was passed on the day designated by the court for the appearance of the parties summoned. The record does not disclose any inquiry or information as to the real cause of their failure to appear in response to the court's order, or as to any circumstances by which the appointment of an administrator *ad litem* might be justified. There is consequently no apparent and adequate basis upon which it can be sustained as an exercise of the court's sound discretion.

The appeal from the order appointing the administrator *ad litem* was not entered until he had filed his answer to the caveat and a replication had been filed by the caveators and issues had been proposed by them for transmission to the circuit court. It is contended that by thus proceeding the caveators conclusively acquiesced in the previous order and are thereby estopped from disputing it on appeal. In sup-

port of this contention the appellee has cited the cases of *Fisher v. Boyce,* 81 Md. 52; *Reichard v. Izer,* 95 Md. 451; and *Langhirt v. Hicks,* 153 Md. 31. The principle there applied was thus stated: "A party cannot, either in the course of litigation, or in dealings *in pais,* occupy inconsistent positions; and where one has an election between several inconsistent courses of action, he will be confined to that which he first adopts. Any decisive act of the party done with knowledge of his rights and of the facts, determines his election and works an estoppel." (*Bigelow on Estoppel,* 562.) The conditions to which the rule of estoppel was held applicable in those cases were far more strongly suggestive of acquiescence than those which are now under consideration. In *Fisher v. Boyce* a caveat to a will was filed two years after the caveators had participated in a proceeding for the construction of the will and had claimed the benefit of its provisions; in *Reichard v. Izer* the caveat was filed by parties who had resisted a prior caveat disputing the will on similar grounds; and in *Langhirt v. Hicks* the contest of the will was instituted by one who had been relieved of the duties of the executorship after holding that position for a period of fifteen months. But in *Humes v. Shillington,* 22 Md. 359, where a caveat was tried before the orphans' court, and the appeal was from its order admitting the will to probate, it was held that the caveators "by temporarily submitting to the interlocutory orders of the court, did not * * * debar themselves from any rights they might have, especially in view of the revisory power of this court upon appeal" under section 251 (now 265) of article 93 of the Code.

The present appeal, from the order appointing the administrator *ad litem,* was taken within the statutory time, and on the day after the filing of the replication and proposal of issues. The right of appeal thus promptly asserted was not, in our opinion, conclusively waived by the intermediate procedure. It would seem to be unduly extending the principle of estoppel to apply it to the facts of this case.

By the order against which the second appeal is directed, the court, in determining the issues to be submitted for trial, excluded one proposed by the caveators, which inquired whether a paper purporting to be the last will of the decedent was revoked by a subsequent alteration of his estate through the execution of a certain deed of trust. In lieu of that issue the court approved one which simply submitted the question whether the testamentary paper was revoked after its execution. The granted issue on the subject of revocation is in the precise form sanctioned by this court in *Brewer v. Barrett,* 58 Md. 587. Upon the trial of that issue the jury may be instructed by the circuit court as to the legal effect of the deed to which the rejected issue refers, if it should be offered and admitted in evidence. The order as to the form of the issues would be affirmed but for its provision designating as party defendant the administrator *ad litem* whose appointment was contested.

*Orders reversed, and case remanded.*