TALBOT PACKING CORPORATION *v.* CLAUDE W. WHEATLEY ET AL., ADMINISTRATORS, ET AL.
[No. 1, April Term, 1937.]

**366**

*Decided April 21st, 1937.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, and JOHNSON, JJ.

*G. Elbert Marshall,* for the appellant.

*John C. North,* for the administrators, appellees.

MITCHELL, J., delivered the opinion of the Court.

J. Roscoe Wheatley, late of Talbot County, died on the 9th day of April, 1935, possessed of an estate upon which letters of administration *c. t. a.* were granted to Claude W. Wheatley and Hugh M. Frampton, who, together with certain petitioning creditors of the deceased, are the appellees in this case. In due course an inventory of the estate, consisting of personal property only, was filed and it is indicated by the record that, in the absence of additional assets, the estate is insolvent.

At the time of his death, the deceased was president of Talbot Packing Corporation, the appellant, and, during the period in which he acted in that capacity, he held as tenant, and operated, a farm, to the credit of which latter venture a substantial sum was held by a farm co-operative corporation. The farm was conducted, and the fund was held by the co-operative corporation,

in the individual name of the deceased. Notwithstanding these circumstances, however, it is contended by the appellant that the farm was operated and conducted by the deceased for the sole use and benefit of the corporation of which he was president, and not as a private enterprise. It is further contended that the appellant corporation has actually paid or guaranteed all expenses incident to the farm, and is entitled to receive all funds payable to the decedent by reason of his nominal membership in certain co-operative pools of said co-operative corporation, which membership, it is alleged, he held solely for the use and benefit of the appellant, and not for his individual use.

Accordingly the appellant filed in the Orphans' Court of said county a petition, sworn to by its treasurer, in which it alleged the aforegoing facts, and prayed the court to pass an order that, upon the express condition that the estate of their decedent be saved harmless and indemnified from all claims and expenses growing out of the farm venture, the administrators be authorized, empowered and directed to relinquish the alleged nominal tenancy in said farm, and all funds or claims to the credit of its operations, to the use and benefit of the appellant.

To this petition, the administrators filed an answer in which they neither admitted nor denied the allegations of the petitioner, and expressed their belief that the matters set forth therein were true. They submitted, however, that, because the estate was insolvent and the rights of creditors thereby involved, before any order be passed by the court and after notice to all parties in interest, testimony be taken in the premises.

Subsequently motions were filed by the appellee creditors for the dismissal of the petition, the chief ground upon which said motions were based being that the Orphans' Court was without jurisdiction to determine the questions raised by the petition. Upon this state of the pleadings, and without testimony, the motions were formally heard by the court, and from its order dismissing the petition this appeal was taken.

Section 271 of article 93 of the Code provides that: "The Orphans' Court shall not, under pretext of incidental power or constructive authority, exercise any jurisdiction not expressly conferred by law. * * *" And construing the above section, this court has repeatedly held that they are courts of special limited jurisdiction, and are confined to the letter of their authority. They must exercise the powers conferred upon them strictly in accordance with law, and the facts necessary to clothe them with jurisdiction must affirmatively appear upon the face of their proceedings. *Townshend v. Brooke,* 9 Gill. 90; *Bowie v. Ghiselin,* 30 Md. 553; *Norment v. Brydon,* 44 Md. 116; *Mudge v. Mudge,* 155 Md. 1, 141 A. 396.

In addition to the above-quoted section, section 252 of the same article provides that if an administrator shall believe that any person conceals any part of his decedent's estate, he may file a petition in the orphans' court alleging such concealment, in which event the court shall compel an answer under oath, and if satisfied upon examination of the whole case that the party charged has concealed assets, may order delivery thereof to the administrator, and is empowered to enforce its order. The provisions of the latter section are extended by section 253 to all cases where any person interested in a decedent's estate shall by bill or petition allege that the administrator has concealed, or has in his hands and has omitted to return in the inventory or list of debts, any part of his decedent's estate; and if the court shall finally adjudge and decree in favor of the allegations of such petition or bill, in whole or in part, they shall order an additional inventory to be returned by the administrator, with similar power to the court to compel obedience to its order; and with the further provision that if the administrator shall fail to comply with such order, his letters of administration may be revoked. *Linthicum v. Polk,* 93 Md. 84, 90, 48 A. 842; *Fowler v. Brady,* 110 Md. 204, 73 A. 15; *Pratt v. Hill,* 124 Md. 252, 104 A. 420; *Bowers v. Cook,* 132 Md. 432; *Fulford v. Fulford,* 153 Md. 81, 137 A. 487.

It has been consistently held, however, that the orphans'

court has not jurisdiction to determine questions of title to personal property, except under section 253, where a person interested in the estate charges the administrator with concealing or having in his hands property belonging to the estate which he has omitted to return in the inventory. *Taylor v. Bruscup*, 27 Md. 219; *Gibson v. Cook*, 62 Md. 256; *Dougherty v. Dougherty*, 82 Md. 229, 33 A. 541; *Linthicum v. Polk, supra; Fulford v. Fulford*, 153 Md. 81 137 A. 487; *Fowler v. Brady, supra.*

In the latter case it is stated: "There is no reason why the orphans' court should be given jurisdiction to determine the title to property claimed by a party against the administrator. The title to property belonging to the estate is in the administrator, and he * * * can maintain an action to test the title in a court of law."

It is only in those cases in which property is claimed by the administrator against the estate, that the orphans' court is authorized to determine the title thereto, and the apparent reason for this exception is that, otherwise, the title to all personal property of the deceased being in the administrator, there would be no way of requiring him to return a complete inventory of the assets of the estate. In this connection, it may be noted that by the Act of 1931, ch. 437, section 243 of article 93 was amended so as to vest in the orphans' courts of this state the power to "pass such orders as in their discretion may be required in the course of the administration of estates for the transfer of personal property both tangible and intangible, the title to which is not in dispute." And in view of this affirmative limitation upon the power and authority of said courts to pass orders for the transfer of personal property of every description, to property only the title to which is not in dispute, it must follow that in all cases in which the title to such property is in dispute, the above courts are without authority to pass orders designed to determine the question of title as between the administrator and a separate claimant.

In the instant case the argument is made that there is no dispute between the administrators and the claimant.

In support of that contention, as has been noted, the administrators, in their answer to the petition of the appellant, did not contend that the farm lease and fund in controversy belonged to the estate of their decedent. What they did, however, was to submit that testimony be taken by the court, for the purpose of its determination of the title or ownership of the property, as between the administrators and the appellant, which in effect was to submit to the court a matter which, as has been shown, the court had no jurisdiction to determine.

In other words, because of the passive attitude of the administrators, the petitioner sought to secure the passage of an order of the Orphans' Court directing the administrators to relinquish to it any interest of which the deceased may have been possessed at the time of his death, in both the lease of the farm and the fund standing in his name to the credit of its operations.

The very nature of the relief sought presupposed a judicial determination of the title to the property involved, as between the petitioner and the administrators; because it would have been impossible for the court to have considered the petition upon its merits and judicially determined the matter, either for or against the petitioner, without first reaching a conclusion as to the title to the property. Such a conclusion, under the facts in the case, would have been not only in conflict with the statute controlling the authority of the orphans' courts, but also with the uniform decisions of this court.

At the hearing in this court it was argued that, under the authority of *Fowler v. Brady, supra,* the appellee creditors had no standing in the Orphans' Court, and therefore no right to file the respective motions for the dismissal of the petition, upon the principle, as stated in that case, that the title to the personal propery of a decedent being lodged in his administrator, the latter is the only person who could assert title thereto on behalf of the estate. The facts in the cited case, however, are not analogous to the facts in the case before us. In that case a creditor sought to have issues of fact, involving

the title to property which he claimed belonged to the estate of a deceased debtor, sent to a court of law for trial by jury. The suit was that of a creditor against a third party claimant, and the administrator was not a party to the suit.

In disposing of that case, this court made reference to the fact that the administrator was the proper person to assert title to property belonging to the estate he represented, and we are in accord with that ruling. Under it, however, we do not understand that a creditor or creditors, acting with the apparent authority of, and in co-operation with, the administrators, are precluded from moving the dismissal of a petition designed to secure the passage of an order by the orphans' court, which, as we have said, that court was without jurisdiction to pass.

The result of the action of the creditors in this case has in no manner prejudiced the right of the appellant to submit its claim for judicial determination through appropriate proceedings, and it would seem immaterial, for the purposes of the case, whether the motion for dismissal was actually filed by the administrators, or by some one on their behalf.

The administrators were proper and necessary parties to the proceedings, and there was no reason for the appeal to have been taken as against the petitioning creditors, because the administrators represent their interests, as well as the interests of all other persons concerned in the estate.

In any event, the motion was properly before the Orphans' Court, was formally considered and acted upon by that tribunal, and its action will be affirmed.

*Order affirmed, with costs to the appellees.*