# RAYMOND CARRICK *v.* JANE CARRICK HENLEY ET AL.

[No. 156, September Term, 1979.]

*Decided November 8, 1979.*

The cause was submitted on brief to THOMPSON, MOYLAN and MOORE, JJ.

Submitted by *Francis J. Pelland* and *Sadur & Pelland, Chartered,* for appellant.

No appearance or brief on behalf of appellees.

THOMPSON, J., delivered the opinion of the Court.

On March 17, 1978 the will of Charles R. Carrick, Sr. was admitted to probate in the Orphans' Court for Prince George's County and by administrative order Raymond Carrick, the appellant, was appointed personal representative in accordance with the will. On April 12, 1978 Jane Carrick Henley and Charles R. Carrick, Jr. filed a caveat to the will. Glen M. Carrick, the remaining child of the decedent, filed an identical caveat May 18, 1978 praying, *inter alia,* that Raymond Carrick be removed as the personal representative and that Ralph W. Powers, Jr., or some other suitable person, be appointed special administrator in his place. After a hearing on May 19, 1978 the Orphans' Court by order dated June 29, 1978 removed Raymond Carrick, as personal representative and appointed Mr. Powers as special administrator.

In its opinion the court said in part:

> "As to the administrative appointment of a Personal Representative, the law is clear. The *Estates and Trusts Article, Maryland Annotated Code, Section 6-307,* reads:
>
>> '(a) GENERAL — The appointment of a personal representative who has been appointed by Administrative probate is terminated by a timely request for judicial probate. The validity of an act performed by him as personal representative is not affected by this termination.'
>>
>> * * *
>
> "Accordingly, we find as a matter of law that Mr. Raymond F. Carrick's appointment as Personal Representative was terminated by the 'Caveat and Request for Judicial Probate' filed in this Court on

the 13th day of April, 1978. Further, we find that Mr. Raymond F. Carrick had the powers and duties of a special administrator, pending further order of this Court. We find, as a result of this family dispute, that the parties ability to administer the estate are severely limited.

"Inasmuch as the final decision as to the appointment of a Personal Representative is contingent upon the conclusion of the Caveat, it would appear to the Court that the best interests of all parties concerned, as well as that of the estate, would be served by the appointment of an independent third party to manage the affairs of the Estate as Special Administrator until such time as the Caveat proceedings before the Circuit Court for Prince George's County are concluded and a personal Representative appointed in accordance therewith.

\* \* \*

ORDERED, that Ralph W. Powers, Jr., be and he is hereby appointed Special Administrator of the Estate of Charles R. Carrick, Sr., Deceased . . ."

Raymond Carrick timely appealed to the Circuit Court for Prince George's County which dismissed the appeal for lack of jurisdiction, on the ground that the order of June 29 was interlocutory in nature and was not a final judgment that could be appealed. Raymond Carrick appealed the dismissal to this Court. He argues that the Circuit Court erred in its determination that the order of the Orphans' Court appointing a special administrator was interlocutory and not appealable. It is interesting to note that a party may appeal from a final order of the Orphans' Court either to this Court or with certain exceptions, not here relevant, to the Circuit Court. In the event the appeal is to the Circuit Court the case is heard *de novo. Md. Code,* Courts and Judicial Proceedings Article provides:

"§ 12-501. *Appeal to Court of Special Appeals.*

A party may appeal to the Court of Special

Appeals from a final judgment of an orphans' court. However, if the final judgment was given or made in a summary proceeding, and on the testimony of witnesses, an appeal is not allowed under this section unless the party desiring to appeal immediately gives notice of his intention to appeal and requests that the testimony be reduced to writing. In such case the testimony shall be reduced to writing at the cost of the party requesting it.

"§ 12-502. *Appeal to circuit court or Superior Court of Baltimore City.*

(a) *In general; exception in Harford and Montgomery counties.* — Instead of a direct appeal to the Court of Special Appeals pursuant to § 12-501, a party may appeal to the circuit court for the county or to the Superior Court of Baltimore City from a final judgment of an orphans' court. The appeal shall be heard de novo by the appellate court, and it shall give judgment according to the equity of the matter. This subsection does not apply to Harford County or Montgomery County." [1]

It is apparent that if an appellant appeals initially to the Circuit Court, or to this Court, from an order of the Orphans' Court, that order must be final. Although in most instances the determination of whether or not an order is final is relatively easy, in some cases it is extremely difficult. We think the Circuit Court for Prince George's County erred in determining that the order of the Orphans' Court was not final and in dismissing the appeal without proceeding to hear the issue *de novo.*

Sykes, *Probate Law and Practice* § 243 (1956) sets forth in general the judgments which are final and those which are not final. In Sections 243 and 244:

"In general an appeal will lie from any decision of

---

1. If a party appeals to the Circuit Court under § 12-502 (a) a further appeal may be made from the final order of that court to this Court. *See* Jennings v. Jennings, 20 Md. App. 369, 371 n. 4, 315 A.2d 816, *cert. denied,* 271 Md. 738 (1974).

the Orphans' Court which transcends its restricted powers and from its act done in contravention of a statute. It has been held that an appeal may be taken from an order appointing an administrator ad litem, from an order revoking the probate of a will, from an order revoking letters, from an order refusing to revoke letters, from an order dismissing a petition asking that the Court refuse to grant letters testamentary or of administration on the ground of the decedent's nonresidence, from an order granting or refusing to grant issues, from the ratification of a separate administration account on an appeal by a co-executor and a distributee, from an order relating to the allowance of counsel fees, and from an order directing the mode of distribution of a decedent's estate among his creditors.

"To be appealable, the order of the Orphans' Court must be final. Thus, an order merely determining in the affirmative the question of the Court's jurisdiction to hear the controversy and thereafter to decide whether the persons applying shall be made parties, is not a final order from which an appeal lies. Again, where the Orphans' Court adjudged that an answer was not sufficient and ordered the respondent to answer further, the order was not final, and therefore, not appealable. Other examples of interlocutory orders are an order merely requiring executors to appear and show cause why they should not be removed, an order directing an administratrix to appear to be examined under oath under penalty of annulment of her appointment, and an order rescinding an order authorizing and directing an executor to pay a counsel fee. Additional examples of such orders are given in the notes." (Footnotes omitted).

It should be noted Sykes cites *Lewis v. Mason,* 156 Md. 32, 143 A. 585 (1928) to support the statement in Section 243 that when the Orphans' Court appoints an administrator *ad litem,* the order is final. In that case an order of the Orphans' Court

appointing such an administrator was reversed and the court said:

> "The beneficiaries of the will were legally capable of defending it against the caveat, and, so far as the record shows, they were not entitled to have their defense made by an administrator *ad litem* at the charge of the estate." *Id.* at 33.

*Md. Code,* Estates and Trusts Article § 6-401 provides as follows:

> "(a) *When appointed.* — Upon the filing of a petition by an interested party, a creditor, or the register, or upon the motion of the court, a special administrator may be appointed by the court whenever it is necessary to protect property prior to the appointment and qualification of a personal representative or upon the termination of appointment of a personal representative and prior to the appointment of a successor personal representative.
>
> "(b) *Qualifications.* — A suitable person may be appointed as a special administrator, but special consideration shall be given to persons who will or may be ultimately entitled to letters as personal representatives and are immediately available for appointment."

In a note in the Annotated Code it is explained that this section was designed so that the appointment of a personal representative *pendente lite,* as well as *ad colligendum,* and during *minoritate,* could all be handled under the title "special administrator." It is apparent that in the present case the administrator was what would formerly have been called an administrator *ad colligendum* because he was appointed for the purpose of preserving the estate for those who eventually may be determined to be entitled thereto after the caveat has been decided. It would seem that an order appointing an

administrator *ad colligendum* is a final order under the above sections.[2]

Our holding that the action of the Orphans' Court in appointing the special administrator was an appealable order, is however, further supported by *Peat, Marwick, Mitchell & Co. v. Los Angeles Rams Football Co.,* 284 Md. 86, 394 A.2d 801 (1978), in which the Court said:

> "Peat & Co., however, asserts that this determination [that the order was not final] does not end the matter because the circuit court's order is appealable under the so-called 'collateral order exception' appended to the final order requirement. This doctrine, recently applied in the criminal context by this Court in *Stewart v. State,* 282 Md. 557, 571, 386 A.2d 1206, 1213 (1978), and *Jolley v. State, supra,* 282 Md. at 357, 384 A.2d at 94, was first articulated by the United States Supreme Court in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 545-47, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), in dealing with the appealability of an order denying a motion for the posting of security for costs under the federal appeals statute that is similar to section 12-301. The concept is narrow in scope, however, for, as the Supreme Court has articulated, if the order is to come within the 'small class' of cases included in the final judgment rule under *Cohen* it must meet four requirements: '[T]he order must [(1)] conclusively determine the disputed question, [(2)] resolve an important issue [, (3) be] completely separate from the merits of the action, and [(4)] be effectively unreviewable on appeal from a final judgment.' " *Id.* at 91-92.

*See also, Clark v. Elza,* 286 Md. 208, 406 A.2d 922 (1979). It is

---

2. The statute does not attempt to define what is a final judgment for the purpose of appeal but simply says:

§ 12-101 (f) *"Final judgment* means a judgment, decree, sentence, order, determination, decision, or other action by a court, including an orphans' court, from which an appeal, application for leave to appeal, or petition for certiorari may be taken."

apparent that the order in the present case if not otherwise final, comes within the "collateral order exception" set forth above. It will be observed: (1) that the order finally disposed of the question as to who is to be the special administrator, which is the only one here in dispute; (2) the issue is important; [3] (3) it is apparent that this appeal is completely separate from the merits of the caveat; and (4) that the order would be completely unreviewable except on direct appeal because as we have stated, the special administrator's duties would have been completed by the time the caveat has been decided.

Under Md. Rule 1085 we will briefly express our views on the substantive issues in order to provide guidance to the trial court. Although the appellant strongly argues that his right to administer was terminated for insufficient reason under *Md. Code,* Estates and Trusts Art. § 5-207 and § 6-307, the request for judicial probate automatically terminated the administrative probate previously granted and no grounds for his removal were necessary. It should also be noted that under § 6-401 the court is not required to appoint a special administrator from those who would be entitled under § 5-104 but only to give them "special consideration."

> *Order dismissing appeal reversed.*
> *Case remanded for further proceedings in accordance with this opinion.*
> *Appellees to pay the costs.*

---

3. The cases, at least with reference to permanent personal representatives, have pointed out that the right to administer an estate is a valuable right; Johnson v. Macaboy, 226 Md. 23, 30, 171 A.2d 474 (1961). In the instant case although the appointment of a special administrator is in a sense temporary, for all practical purposes the estate will be all but completely administered by the time caveat proceedings are resolved.