GLYDON A. DeFELICE, Personal Representative of the Estate of Judith Ann Simmons *v.* RIGGS NATIONAL BANK OF WASHINGTON

[No. 1640, September Term, 1982.]

*Decided July 14, 1983.*

The cause was argued before ALPERT and GETTY, JJ., and WILLIAM W. WENNER, Associate Judge of the Sixth Judicial Circuit, specially assigned.

*Andrew P. Interdonato* for appellant.

*Mark G. Flanigan* for appellee.

ALPERT, J., delivered the opinion of the Court.

Judith A. Simmons purchased an automobile from Croyste Toyota ("Croyste") on June 9, 1981. Financing in the amount of $6,648.05 was arranged and Simmons executed a "Maryland Installment Sale Agreement," although signing only the front of the contract. The seller did not ask Simmons to acquire credit life insurance as a loan condition, but did require fire, theft, comprehensive and collision insurance on the automobile. Croyste assigned its right, title and interest under the contract to Riggs National Bank of Washington ("Riggs"), the appellee herein, but agreed to repurchase the vehicle upon tender by the appellee. Pursuant to this contract, Simmons was required to (and did) make regular payments to the appellee, who filed a security interest with the Maryland State Motor Vehicle Administration.

Simmons took out an Automobile Insurance Policy with State Farm Mutual Automobile Insurance Company ("State Farm") on the new automobile. Pursuant to a Notice of Lienholder's Coverage under the policy, appellee, as a lienholder, was to be the beneficiary of any proceeds paid on the policy in the event of the destruction of the automobile.

Simmons died in an automobile accident on March 6, 1982. The automobile was destroyed and State Farm was notified of the loss. Glydon A. DeFelice was named personal representative of Simmon's estate. State Farm was advised of DeFelice's appointment. When DeFelice sought to recover for the estate the proceeds on the automobile insurance policy, it was learned that the insurer had already made a direct payment of the proceeds to the appellee lienholder. The decedent's estate (by the personal representative) filed a petition in the Orphans' Court for Prince George's County, seeking *inter alia* to force the appellee to return the insurance proceeds to Simmons' estate. The very nature of the relief sought presupposed a judicial determination of title to the insurance proceeds. A hearing on the matter was held on October 22, 1982. At the conclusion of the hearing the presiding judge found that the payment of the insurance proceeds directly to the appellee by State Farm was appropriate under the circumstances.

The personal representative of the estate noted an appeal [1] and couches the issue for our review as follows, "Did the lower court err in its ruling that the insurance proceeds paid directly to the appellee from decedent's automobile insurance carrier, in lieu of the estate, was appropriate, in light of the contrary statutory authority presented?" We hold that the Orphans' Court did not have jurisdiction to consider the issue of who was entitled to the insurance proceeds in question. Accordingly, we must vacate the judgment of that court.

The Orphans' Courts of this State are courts of special and limited jurisdiction. They cannot, under the pretext of incidental or constructive authority, exercise jurisdiction not expressly conferred by law. *See, Crandall v. Crandall,* 218 Md. 598, 147 A.2d 754 (1959). Indeed, it has long been recognized that as a court of special limited jurisdiction, the Orphans' Court must be confined to the express letter of its authority. *See, e.g., Taylor v. Bruscup,* 27 Md. 219 (1867).

The jurisdiction of the court is set forth in Md. Est. & Trusts Code Ann. § 2-102. That section provides:

(a). *Powers.* — The court may conduct judicial probate, direct the conduct of a personal representative, and pass orders which may be required in the course of the administration of an estate or a decedent. It may summon witnesses. The court shall not, under pretext of incidental power of constructive authority, exercise any jurisdiction not expressly conferred.

(b) *Rule-making authority.* — The court may not establish rules of practice and procedure inconsistent with the Maryland Rules or with any statute.

---

1. Although the judge's decision was never formally reduced to a written order, it is apparent that the order in the present case, if not otherwise final, comes within the "collateral order exception." *See,* Carrick v. Henley, 44 Md. App. 124, 130-31, 407 A.2d 765 (1979); Md. Cts. & Jud. Proc. Code Ann. § 12-501.

(c) *Rights of interested person.* — An interested person may petition the court to resolve any question concerning an estate or its administration.

Nowhere in that provision is there authority for a personal representative to bring an action in the Orphans' Court to recover personal property claimed by another. While it is clear that a personal representative of an estate may maintain an action to recover possession of property or to determine its title, Md. Est. & Trusts Code Ann. § 7-102, we believe that such an action must be brought in an appropriate court of general jurisdiction and not in the Orphans' Court. As defined in Maryland Rule 5(a), an "action" includes all the steps by which a party seeks to enforce any right in *a court of law or equity.* (emphasis supplied). Proceedings brought in the Orphans' Courts are therefore not "actions" in the strict legal sense of the word. Just as an Orphans' Court may not hear an action against a tortfeasor for the decedent's wrongful death, it may not determine a dispute between the estate and a third party over the title to the decedent's personal property. Those proceedings are best left for resolution in a forum designed to hear, and which in fact regularly does hear, these somewhat more intricate questions of law.[2]

Significantly, the Comment to the predecessor statute to § 2-102 stated:

It was felt to be unnecessary to describe in detail all of the rules which the Court of Appeals of Maryland has developed in setting forth those areas in which the [Orphans'] Court does not have jurisdiction. *These rules, for example, prohibit the court from exercising jurisdiction over questions of title...* (emphasis supplied).

---

**2.** We observe that there is no requirement in this State that the judges of the Orphans' Court be attorneys. *But see,* Md. Constitution, Article IV, § 20 as to Montgomery and Harford Counties, where judges of the Circuit Court sit as an Orphans' Court for those respective counties.

Thus, it is clear that the Orphans' Court was never intended to have jurisdiction to decide the type of issues presented and decided by the Court in the case *sub judice. See generally,* the reports of the Governor's Commission to Review and Revise the Testamentary Law of Maryland.

Likewise, the relevant case law on this point supports our holding. Under both the present and former statutory law where title to personal property is involved, an executor (now a personal representative) may not proceed in the Orphans' Court against a third party. *See, e.g., Talbot Packing Corp. v. Wheatley,* 172 Md. 365, 190 A. 833 (1937); *Safe Deposit & Trust Co. v. Coyle,* 133 Md. 343, 348, 105 A. 308 (1918); *Pratt v. Hill,* 124 Md. 252, 92 A. 543 (1914); *Fowler v. Brady,* 110 Md. 204, 73 A. 15 (1909); *Scott v. Burch,* 6 H. & J. 67, 79-80 (1823). *See also, Kerby v. Peters,* 172 Md. 1, 7, 190 A. 511 (1937).

An 1884 case from this jurisdiction is particularly enlightening and instructive. In *Gibson v. Cook,* 62 Md. 256 (1884), it was held that the Orphans' Court lacked jurisdiction to hear an action brought by the administrator of an estate claiming that another individual had taken possession and title to certain of the decedent's bank books. The Court observed:

> The very foundation of the jurisdiction of the Orphans' Court was by that Court adjudged to be wanting. If there was no concealment, there was no issue for the Orphans' Court to try, or question on which that Court could send an issue to another tribunal for a jury to try. The only issue which they could frame under that section of the Code, in that case was, "does the respondent conceal any property or money of James Dooner?" The pleadings raise an issue of title not of concealment. The answer admits the possession of the money as charged in the petition, but couples that admission with the most unequivocal assertion of right to take it, because of title to it. The Orphans' Court may properly decide that under such state of facts, that Court had no

jurisdiction, because it could not decide a question of title. Whether the title was in Dooner's administrator or in Gibson, could only be settled by another tribunal. That question could be raised by an action at law on the part of the *Adm'r of Dooner vs. Gibson* for money had and received to the use of the estate; or possibly, it may have been cognizable by a Court of equity (which, however, we do not determine); but certainly could not be determined by the Orphans' Court, whose jurisdiction is confessedly limited and special.

*Id.* at 259-60. *See also, Daugherty v. Daugherty,* 82 Md. 229, 231-32, 33 A. 541 (1896) wherein the Court of Appeals stated:

The Orphans' Courts of the State exercise only a special, limited jurisdiction, which they cannot transcend, and within a just and reasonable construction of its statutory powers, we do not find anywhere that it is clothed with jurisdiction to try questions of title to personalty. *Levering v. Levering,* 64 Md. 410; *Blumenthal v. Moitz,* 76 Md. 566. We think such has been the well-recognized practice in this State for many years, and the one we think entitled to our sanction.

Although a creditor may seek to have certain claims adjudicated against the estate in the Orphans' Court, *see, Schaefer v. Heaphy,* 45 Md. App. 144, 412 A.2d 107 (1980), the converse of that rule is not true where the personal representative seeks to litigate against a third party in the Orphans' Court. Likewise, the instant appeal does not involve the situation where an interested party brings a claim against the estate for concealment or misappropriation of estate assets. *See, Shapiro v. Ryan,* 233 Md. 82, 87, 195 A.2d 596 (1963).

Accordingly, we hold that a personal representative may not proceed against a third party in the Orphans' Court for estate claims against that third party where the proceedings

will either directly or effectively involve a determination of title to personal property. *See,* Md. Est. & Trusts Code Ann. § 7-102, *supra. See also,* 21 C.J.S. *Courts* § 303 (1940). The Orphans' Courts of this State are simply without jurisdiction to consider this type of question.

> *Judgment vacated; costs to be divided equally between the parties.*